**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anita Fletcher,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CV-09-543-PHX-DGC<br><br>**ORDER** |

Plaintiff Anita Fletcher served in the United States Air Force for more than 20 years. The Department of Veteran Affairs ("VA") found her to be disabled as of March 1, 2006. Her physical impairments include fibromyalgia, peripheral neuropathy, seizure disorder, tinnitus, and hypertension.

She filed an application for disability benefits under the Social Security Act on October 6, 2006. Dkt. #12, Tr. 68-69. The application was denied. Tr. 35-36, 38-40, 47-49. A hearing before an Administrative Law Judge ("ALJ") was held on July 3, 2008. Tr. 19-34. The ALJ issued a written decision finding Plaintiff not disabled prior to May 18, 2008. Tr. 11-17. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-3.

Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1. For reasons that follow, the Court will reverse Defendant's decision and remand the case for an award of benefits.

## I. Standard of Review.

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

## II. Analysis.

Whether a claimant is disabled is determined using a five-step evaluation process. The claimant bears the burden in steps one through four. To establish disability, the claimant must show (1) she is not currently working, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing her past work. At step five, the Commissioner must show that the claimant has the RFC to perform other work. 20 C.F.R. § 404.1520.

Plaintiff has met her burden. She has not worked since the alleged disability onset date of September 27, 2006. Tr. 13, ¶ 2. Her fibromyalgia and peripheral neuropathy are severe impairments (Tr. 13, ¶ 3), and they preclude her from doing the work she performed in the Air Force (Tr. 16, ¶ 7). At step five of the evaluation process, the ALJ concludes that prior to May 18, 2008, Plaintiff had the RFC to perform a full range of sedentary work. Tr. 13-15, ¶ 5.

Plaintiff argues that the ALJ committed multiple errors: (1) determining RFC without providing a function-by-function assessment of Plaintiff's work-related abilities, (2) failing to consider the VA's finding of disability, (3) rejecting the treating physician's opinion of disability without sufficient explanation, (4) failing to properly evaluate Plaintiff's credibility, (5) failing to consider the function report provided by Plaintiff's son, and

(6) inappropriately applying the vocational grids. Dkt. ##14, 17. Defendant contends that the ALJ did not err and his decision is supported by substantial evidence. Dkt. #16.

### A. The RFC Determination.

RFC is the most a claimant can do despite the limitations caused by physical or mental impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). A claimant's "limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions[,] may reduce [her] ability to do past work and other work." 20 C.F.R. § 404.1545(b). Before determining RFC, therefore, the ALJ must "first identify the individual's functional limitations or restrictions and assess [her] work-related abilities on a *function-by-function basis*[.]" SSR 96-8p, at *1 (emphasis added). Only after an appropriate function-by-function assessment "may RFC be expressed in terms of the exertional levels of work[.]" *Id.*; *see Reed v. Massanari*, 270 F.3d 838, 843 n.2 (9th Cir. 2001); *Washnieski v. Astrue*, No. 07-CV-598, 2008 WL 3981987, at *6 (E.D. Wis. Aug. 22, 2008) ("Under SSR 96-8p, the ALJ must find the claimant's functional limitations on a function-by-function basis *before* determining the RFC.") (emphasis in original). This sequential evaluation process is important because absent "careful consideration of an individual's functional capacities to support an RFC assessment based on an exertional category, the [ALJ] may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do[.]" SSR 96-8p, at *4. Failure to perform a function-by-function assessment ultimately "could make the difference between a finding of 'disabled' and 'not disabled.'" *Id.*

Plaintiff argues, correctly, that the ALJ failed to provide a function-by-function assessment of Plaintiff's work-related abilities before determining her RFC in terms of the exertional level of work, that is, the ability to perform a full range of sedentary work. This constitutes legal error. *See* SSR 96-8p; *Washnieski*, 2008 WL 3981987, at *6 ("the ALJ erred by failing to conduct a function-by-function assessment of Washnieski's abilities"); *Edwards v. Astrue*, No. 07-2157-KHV, 2008 WL 1766948, at *8 (D. Kan. Apr. 15, 2008) (ALJ's failure to perform a function-by-function assessment rendered "her decision

susceptible of the errors described in SSR 96-8p"); *see also Shafer v. Astrue*, 518 F.3d 1067, 1070-72 (9th Cir. 2008) (the Commissioner is not "substantially justified" in defending ALJ's erroneous determination of RFC in terms of exertional categories of work instead of on a function-by-function basis).

Defendant asserts that a functional assessment is implicit in the ALJ's finding that Plaintiff can perform sedentary work "as defined in 20 C.F.R. 404.1567(a)" (Tr. 13). Dkt. #16 at 21. SSR 96-8p requires more than implicit findings. The ALJ "must *discuss* the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and *describe* the maximum amount of each work-related activity the individual can perform[.]" SSR 96-8p, at *7 (emphasis added); *see Sharma v. Astrue*, No. C 07-4906 MEJ, 2008 WL 4540992, at *6 (N.D. Cal. Oct. 6, 2008) (merely citing regulation defining exertional category of work "is insufficient to fulfill the function-by-function and narrative requirements under SSR 96-8p").

**B.    The VA's Finding of Disability.**

On September 27, 2006, the VA issued a decision finding that Plaintiff's combination of impairments rendered her 100 percent disabled as of March 1, 2006. Tr. 186-93. Plaintiff argues that the ALJ's failure to consider that decision constitutes legal error. Dkt. #14 at 21-22. Plaintiff is correct.

Defendant notes that a decision of disability by another government agency is not binding with respect to disability benefits under the Social Security Act. Dkt. #16 at 11; *see* 20 C.F.R. § 404.1504. But such evidence "cannot be ignored and must be considered." SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006); *see* Tr. 23. Governing circuit law requires "the ALJ to 'give great weight to a VA determination of disability,' unless 'he gives persuasive, specific, valid reasons supported by the record,' for giving it less weight." *Pena v. Astrue*, No. CV 08-615-TUC-RCC, 2010 WL 94104, at *13 (D. Ariz. Jan. 6, 2010) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). The ALJ erred by failing to even consider the VA's finding of disability. *See id.*

1  **C. Treating Physician Russell Lemmon.**

2  Plaintiff's treating physician, Captain Russell Lemmon, M.C., completed a medical
3  assessment of Plaintiff's ability to do work-related activities on February 27, 2007. Dr.
4  Lemmon found that in a normal workday Plaintiff can sit and stand less than four hours,
5  walk less than one hour, lift less than 20 pounds, and carry less than 10 pounds. He further
6  found that Plaintiff is not able to crawl, climb, stoop, crouch, or kneel. Dr. Lemmon opined
7  that Plaintiff's fibromyalgia, tinnitus, and chronic headaches, and the moderately severe pain
8  caused by those impairments, preclude Plaintiff from working on a regular and consistent
9  basis. Dr. Lemmon also noted that Plaintiff's limitations and symptoms reasonably could be
10 expected to result from objective medical findings. Tr. 200-01. Dr. Lemmon subsequently
11 provided a narrative summary of Plaintiff's medical history consistent with his opinion of
12 disabling limitations. Tr. 202. Dr. Lemmon completed a second medical assessment of
13 work-related abilities on May 14, 2007, again opining that Plaintiff's impairments prevent
14 her from working on a regular basis. Tr. 207-08.

15 As Plaintiff's treating physician, Dr. Lemmon is "employed to cure and has a greater
16 opportunity to know and observe [Plaintiff] as an individual." *McCallister v. Sullivan*, 888
17 F.2d 599, 602 (9th Cir. 1989). His opinions regarding the severity of Plaintiff's impairments
18 and symptoms are therefore entitled to "special weight," and if the ALJ chooses to disregard
19 them, he "'must set forth specific, legitimate reasons for doing so, and this decision itself
20 must be supported by substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir.
21 1988)) (citation omitted); *see* 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 3741888,
22 at *5 (July 2, 1996). The ALJ can meet this burden "by setting out a detailed and thorough
23 summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and
24 making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

25 The ALJ did not discuss the opinion of disability provided by Dr. Lemmon on
26 February 27, 2007 (Tr. 201-02), nor did he mention the narrative summary of Plaintiff's
27 medical history dated March 15, 2007 (Tr. 202). The ALJ gave little weight to Dr.
28 Lemmon's opinion of May 14, 2007 on the ground that "the record as a whole supports the

- 5 -

conclusion that [Plaintiff] would have been able to do sedentary work prior to May 18, 2008 (Exhibit 4F)." Tr. 15. The evidence the ALJ cited in support of this conclusion, Exhibit 4F, consists of 80-pages of medical records from a VA medical group. Tr. 205-84. The ALJ did not explain how those records support the rejection of Dr. Lemmon's opinion.

The ALJ did discuss certain specific medical records prior to rejecting the opinion of Dr. Lemmon. Tr. 14. Most of those records, however, document Plaintiff's seizure disorder. The ALJ concluded that Plaintiff's seizure disorder is non-severe (Tr. 14), but that condition did not form basis for Dr. Lemmon's opinion that Plaintiff is disabled. Dr. Lemmon opined that, in addition to her chronic headaches and tinnitus, Plaintiff's fibromyalgia "is her most limiting condition in regards to her ability to work." Tr. 202. The ALJ pointed out that "[o]n February 27, 2007, it was noted that [Plaintiff] had fibromyalgia" (Tr. 14), but the ALJ did not consider the limiting effects of that severe impairment or otherwise discuss it in connection with the opinion of Dr. Lemmon.

In order to properly reject Dr. Lemmon's opinion under the law of this Circuit, the ALJ was required to set forth his own interpretations of the medical evidence and "explain why they, rather than [Dr. Lemmon's], are correct." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). Because the ALJ failed to provide the requisite "detailed, reasoned, and legitimate rationales" for disregarding Dr. Lemmon's findings, *Embrey*, 849 F.2d at 422, the rejection of his opinion was erroneous.

### D.     Plaintiff's Testimony.

Plaintiff testified that due to fibromyalgia, her back, shoulders, arms, and legs "hurt and are very painful everyday but some days they're a lot worse than others." Tr. 24. The fibromyalgia makes her joints hurt and causes "sharp pains and really tense muscles." Tr. 25. The peripheral neuropathy mainly affects her thighs, causing aching, throbbing, and sharp "prickling sensations." Tr. 25.

The ALJ found not credible Plaintiff's testimony about the intensity, persistence, and limiting effects of her symptoms prior to May 18, 2008. Tr. 15. The ALJ evaluated Plaintiff's testimony using the two-step analysis established by the Ninth Circuit. *See*

1 *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Applying the test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), the ALJ determined that Plaintiff's impairments could reasonably produce the alleged symptoms. Tr. 15. Given this conclusion, and because there is no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for his adverse credibility finding. *Smolen*, 80 F.3d at 1281. The ALJ asserts several reasons for finding Plaintiff not credible. None is convincing.

First, the ALJ notes that Plaintiff had discontinued her seizure medication as of August 2006, and had been seizure free since January 2006 after suffering only two seizures. Tr. 15; *see* Tr. 164-65. It is unclear why the ALJ discusses this evidence given that he found the seizure disorder to be non-severe. Tr. 13. Plaintiff readily acknowledged that she had experienced only two seizures, the last occurring in January 2006. Tr. 33. Plaintiff testified that her "biggest problem" is fibromyalgia. Tr. 24; *see id.* at 29; Dkt. #16 at 7. The fact that Plaintiff's seizure disorder was under control by 2006 is not a convincing reason for rejecting her testimony about the disabling effects of fibromyalgia. *See* Tr. 24-26.

Second, the ALJ cites to an August 29, 2006 examination showing that Plaintiff's gait was normal and her peripheral neuropathy did not cause disabling limitations. Tr. 15; *see* Tr. 165. Plaintiff testified that peripheral neuropathy was "secondary" to her fibromyalgia. Tr. 24. Because Plaintiff suffers from multiple impairments, the ALJ was required to "consider their combined effect in determining whether the claimant is disabled." *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996) (citing *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988); *see* 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 404.1545(a)(2); SSR 96-8p, at *7.

Third, the ALJ claims that Plaintiff "had been erratic in taking her blood pressure medicine." Tr. 15. Dr. Melissa Go treated Plaintiff for hypertension. Dr. Go noted, on November 9, 2007, that Plaintiff occasionally took one or both of her blood pressure medications. Tr. 378. As Plaintiff points out, however, she was instructed to take one medication for blood pressure below 110 and both medications for blood pressure less than 100. Tr. 392-93. Plaintiff's "erratic" medication regimen is not a convincing reason for finding her not credible.

1 Finally, the ALJ asserts that the activities reported by Plaintiff do not show that she would be unable to do sedentary work. Tr. 15. An ALJ may consider a claimant's activities in assessing credibility, but "[t]his line of reasoning clearly has its limits[.]" *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferrable to what might be the more grueling environment of the workplace[.]" *Id.* (citations omitted). An ALJ may reject testimony based on activities where the ALJ makes specific findings that they are transferrable to the work setting. *See id.*; *Orn*, 495 F.3d at 639.

The ALJ notes that Plaintiff takes care of her personal needs, prepares meals, drives a car, does some housework, shops, and pays bills. Tr. 15. Plaintiff argues, correctly, that the ALJ fails to explain how those activities translate into an ability to perform regularly in a work setting. Dkt. #14 at 31.

Moreover, the ALJ does not discuss the limited nature of the activities. Plaintiff stated that her personal care takes longer and causes pain, that she used to cook full meals everyday but now makes soup or sandwiches about three times a week, that she does a minimal amount of household chores because her children do most of the cleaning, and that she shops twice a month for an hour or less. Tr. 118-20.

This Circuit has made clear that the mere fact that a claimant engages in activities such as grocery shopping and driving a car "does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603); *see Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (a claimant need not "vegetate in a dark room" to be eligible for benefits). The ALJ failed to provide a convincing reason for concluding that Plaintiff's activities are inconsistent with her hearing testimony. *See Orn*, 495 F.3d at 639 (ALJ erred in making adverse credibility finding where the claimant's activities did not contradict his other testimony and were not transferable work skills); *Benecke v Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (rejecting ALJ's adverse credibility finding where it was based in large part on the claimant's "ability to carry out

1 certain routine tasks"); *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (claimant's family
2 relationships and activities were not convincing evidence that he could "function normally
3 in work and social settings").

4 In summary, the reasons the ALJ provided for finding Plaintiff not credible are neither
5 convincing nor supported by substantial evidence.

### E. The Third-Party Report.

7 In determining whether a claimant is disabled, an ALJ "must consider lay witness
8 testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454
9 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993));
10 *see* 20 C.F.R. §§ 404.1513(d)(4), 404.1545(a)(3). Indeed, because statements from family
11 members may provide insight into the severity of the impairments and how they affect the
12 claimant's ability to function, *see* SSR 06-03p, at *2, such statements constitute "competent
13 evidence and therefore *cannot* be disregarded without comment.'" *Stout*, 454 F.3d at 1053
14 (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)) (emphasis in *Stout*).

15 On July 11, 2007, Plaintiff's son, Andrew Fletcher, completed a report describing how
16 Plaintiff's impairments limit her ability to function. Consistent with Plaintiff's own report
17 (Tr. 118-20), Andrew stated that it takes his mother a long time to bathe, get dressed, and do
18 her hair, that she cooks only once or twice a month when she is able, that she does little
19 cleaning and other housework due to her pain, and that she shops for groceries only once
20 every two weeks. Tr. 125-32. The ALJ erred in failing consider this evidence. *See Stout*,
21 454 F.3d at 1053; *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (ALJ must consider lay
22 witness testimony unless he "expressly determines to disregard such testimony and gives
23 reasons germane to each witness for doing so").

24 Defendant asserts that Andrew's report could be discounted for the same reasons the
25 ALJ rejected Plaintiff's testimony. Dkt. #16 at 18. But the ALJ erred in rejecting Plaintiff's
26 testimony. Moreover, the Court "cannot affirm the decision of [the ALJ] on a ground that
27 the [ALJ] did not invoke in making [his] decision." *Pinto v. Massanari*, 249 F.3d 840, 847
28 (9th Cir. 2001).

**F.    The Decision to Remand for Further Proceedings or an Award of Benefits.**

Having considered the record as a whole, the Court concludes that Defendant's decision denying benefits should be reversed because it is based on legal error and is not supported by substantial evidence. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (2008). This Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) no outstanding issues remain that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

The VA found Plaintiff to be 100 percent disabled as of March 1, 2006. Tr. 186-193. Dr. Lemmon opined in February 2007 that Plaintiff's impairments preclude her from performing even sedentary work on a regular basis. That opinion is consistent with the reports completed by Plaintiff and her son in July 2007. Tr. 117-32. Plaintiff testified at the hearing that she needs to lay down for at least one hour several times each day. Tr. 32.

Plaintiff argues that after applying the credit-as-true rule to the improperly discredited evidence, no outstanding issue remains to be resolved before determining that she is entitled to benefits for the period between September 27, 2006, the alleged onset disability date, and May 18, 2008, the date of disability found by the ALJ. Dkt. ##14 at 33-34, 17 at 11-12. Defendant does not respond to that argument or otherwise request a remand for further proceedings.

Because it is clear that the ALJ would be required to find Plaintiff disabled if her evidence is credited as true, *see Benecke*, 379 F.3d at 595-96, the Court will remand the case for an award of benefits. *See Smolen*, 80 F.3d at 1292 (remanding for an award of benefits where "the ALJ's reasons for discrediting Smolen's subjective symptom testimony, the physician's opinions, and the lay testimony were legally insufficient"); *Orn*, 495 F.3d at 640

(remanding for benefits where the opinions of treating physicians and the plaintiff's own testimony established disability); *Frederick v. Astrue*, No. 08-6094-TC, 2009 WL 3294891, at *3 (D. Or. Oct. 13, 2009) (remanding for benefits where holding down a full time job would not be possible for someone who needs pain-related rest after limited activity).[1]

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.

2. The Clerk is directed to remand the case for an award of benefits.

DATED this 16th day of March, 2010.

_____
David G. Campbell
United States District Judge

---

[1] Given this ruling, the Court need not address Plaintiff's argument that the ALJ inappropriately applied the vocational grids. *See* Dkt. #14 at 32-33.